IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH MALIK EVANS, | : | |
|     Petitioner | : | |
| | : | No. 1:20-cv-811 |
|     v. | : | |
| | : | (Judge Rambo) |
| MARK GARMAN, *et al.*, | : | |
|     Respondents | : | |

# MEMORANDUM

Presently before the court is *pro se* Petitioner Kenneth Malik Evans ("Evans")'s petition for writ of habeas corpus under 28 U.S.C. § 2254. For the reasons that follow, the petition will be denied with prejudice as procedurally defaulted.

## I.   Background and Procedural History

Evans was found guilty of first-degree murder following a 2014 jury trial in the Luzerne County Court of Common Pleas and was subsequently sentenced to life in prison.[1] *Commonwealth v. Evans*, No. 486 MDA 2015, 2016 WL 962715, at *1 (Pa. Super. Ct. Mar. 14, 2016). Evans appealed his conviction to the Pennsylvania Superior Court, asserting that there was insufficient evidence to support the conviction and that the trial court erred in denying Evans's request for a jury instruction on voluntary manslaughter. *Id.* The Superior Court affirmed.

---

[1] The petition in this case erroneously lists the Philadelphia County Court of Common Pleas as the court of conviction. (*See* Doc. 1; Doc. 5 at 2 (acknowledging error).)

*Id.* Evans filed a petition for allowance of appeal to the Pennsylvania Supreme Court, which was denied on August 2, 2016. *Commonwealth v. Evans*, 145 A.3d 162 (2016).

Evans filed a *pro se* petition for state collateral relief under Pennsylvania's Post-Conviction Relief Act ("PCRA") on July 20, 2017, asserting, *inter alia*, that his trial counsel was ineffective for failing to object to the testimony of two expert witnesses, failing to call as witnesses the emergency room physicians who treated the victim, and failing to impeach two of the Commonwealth's fact witnesses. *Commonwealth v. Evans*, No. 1770 MDA 2018, 2019 WL 4415751, at *2, 4 (Pa. Super. Ct. Sept. 16, 2019). Counsel was subsequently appointed to represent Evans in the PCRA proceeding and the court granted Evans leave to file a supplemental PCRA petition through counsel. *Id.* at *2. No supplemental petition was filed, so after conducting an evidentiary hearing the court dismissed Evans's PCRA petition. *Id.* Evans appealed, and the Superior Court affirmed the dismissal of the petition. *Id.* at *8. He then filed a petition for allowance of appeal to the Pennsylvania Supreme Court, which was denied on April 28, 2020. *Commonwealth v. Evans*, 230 A.3d 1013 (2020).

Evans filed the instant petition for writ of habeas corpus on May 19, 2020. (Doc. No. 1.) He raises one claim for habeas corpus relief: that his trial counsel was ineffective for failing to object to a jury instruction that merged the elements

2

of specific intent and malice. (*Id.* at 5.) Evans acknowledges that he did not raise this claim in the state courts of Pennsylvania and that it is procedurally defaulted, but he argues that the procedural default should be excused based on the ineffective assistance of PCRA counsel under *Martinez v. Ryan*, 566 U.S. 1 (2012). (*Id.*) Evans filed a brief in support of his petition on April 21, 2021. (Doc. No. 13.) Respondents opposed the petition on August 5, 2021, and Evans filed a reply brief on October 14, 2021. (Doc. Nos. 18, 21.) The petition is accordingly ripe for the court's disposition.

## II. Discussion

Under the procedural default doctrine, a federal court ordinarily may not consider a state prisoner's claim for habeas corpus relief if the claim has not been raised in state court in accordance with the procedural requirements of the state. *Martinez v. Ryan*, 566 U.S. 1, 9-10 (2012); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). If a claim has not been fairly presented in state court but state procedural rules would clearly bar the petitioner from bringing the claim, exhaustion of state remedies is excused but the claim is subject to procedural default. *Whitney v. Horn*, 280 F.3d 240, 252 (3d Cir. 2002) (citing *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000)). In such a situation, the federal court may only reach the merits of the claim if the petitioner shows either (1) cause for the procedural default and prejudice resulting from the alleged violation of federal law or (2) that a

fundamental miscarriage of justice would occur if the federal court did not consider the claim on its merits. *Id.* (citing *Lines*, 208 F.3d at 166); *Carpenter v. Vaughn*, 296 F.3d 138, 146 (3d Cir. 2002) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

In this case, Evans acknowledges that his claim is unexhausted and procedurally defaulted in state court, but argues that the court should consider the claim based on PCRA counsel's ineffectiveness under *Martinez*. (Doc. No. 1 at 5.) In *Martinez*, the Supreme Court held that where state procedural rules require a defendant to raise ineffective assistance of counsel claims in collateral proceedings rather than on direct review, "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id.* To succeed on such an argument, a petitioner must show that PCRA counsel's representation was ineffective under the standards set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Martinez*, 566 U.S. at 14. In other words, the petitioner must show (1) that PCRA counsel's representation fell below an objective standard of reasonableness and (2) that counsel's deficient performance caused prejudice to the petitioner. *See id.* at 14; *Strickland*, 466 U.S. at 687.

4

Evans fails to meet this standard. He asserts that his PCRA counsel was ineffective, but offers only conclusory statements of ineffectiveness to support that assertion. (*See* Doc. No. 13 at 8 (asserting that Evans's underlying ineffectiveness claim was "procedurally defaulted as a result of the ineffective assistance and virtual abandonment of post-conviction counsel on state collateral review" and that the default occurred "as a result of a cascading form of ineffective representation of appointed attorney's [sic] from the Luzerne County office of Conflict Counsel").)[2] The court will accordingly deny the claim as procedurally defaulted because Evans has failed to establish cause for the procedural default.

---

[2] Evans provides a slightly more detailed argument in support of his *Martinez* claim in his reply brief. (*See* Doc. No. 21 at 5-6 ("There was little to no communication, investigation or preparation taken by the appointed PCRA counsel Jeffrey A. Yelen (Atty Yelen) and a review of the record shows that the extent of counsel's 'representation' of Petitioner at a state scheduled evidentiary hearing was to call Petitioner Evans as a 'witness' and literally instruct him to plead his own case to the court from the stand."). This argument will not be considered because it was not raised in Evans's petition or supporting brief, and arguments cannot be raised for the first time in a reply brief. *See, e.g.*, *Epsilon Energy USA, Inc. v. Chesapeake Appalachia, LLC*, No. No. 1:21-CV-00658, 2021 WL 1740582, at *4 (M.D. Pa. May 3, 2021) (citing *Interbusiness Bank, N.A. v. First Nat'l Bank of Mifflintown*, 328 F. Supp. 2d 522, 529 (M.D. Pa. 2004)). Even if the argument were considered by the court, it would not be sufficient for the court to grant relief under *Martinez*. The record reflects that Evans did not raise the underlying ineffectiveness claim in his original *pro se* PCRA petition. *See Evans*, 2019 WL 4415751, at *1-2. Evans does not explain how PCRA counsel's purported ineffectiveness could have caused his failure to raise the underlying claim *before* PCRA counsel was appointed.

Evans additionally asserts in his reply brief that the case should be stayed pending the Supreme Court's decision in *Shinn v. Ramirez*, 141 S. Ct. 2620 (2021). The Court has granted *certiorari* in *Shinn* on the question of whether "application of the equitable rule . . . announced in *Martinez v. Ryan* render[s] 28 U.S.C. § 2254(e)(2) inapplicable to a federal court's merits review of a claim for habeas relief." *See Shinn v. Ramirez*, No. 20-1009 (*certiorari* granted May 15, 2021) (statement of question presented). The court does not reach the merits of Evans's petition because Evans has failed to establish grounds to excuse the procedural default of his claim under *Martinez*. Accordingly, *Shinn* is inapposite to the present case and the court will deny Evans's request for a stay.

**III.     Conclusion**

For the foregoing reasons, Evans's petition for writ of habeas corpus is denied with prejudice. A certificate of appealability will not issue because reasonable jurists would not debate the correctness of the court's procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). An appropriate order follows.

s/ Sylvia H. Rambo
United States District Judge

Dated: February 14, 2022